UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN L. GARCIA NAVA,<br>Petitioner,<br>v.<br>LEANNA LUNDY,<br>Respondent. | Case No. 24-cv-02808-WHO (PR)<br><br>**ORDER TO SHOW CAUSE** |

**INTRODUCTION**

Petitioner Juan L. Garcia Nava seeks federal habeas relief from his California state conviction for attempted murder. The petition for habeas relief is now before me for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

The petition states cognizable claims. Accordingly, on or before **July 1, 2025**, respondent shall file an answer or a dispositive motion in response to the habeas petition.

**BACKGROUND**

In 2023 Garcia Nava was convicted by a Santa Cruz County Superior Court jury of attempted murder, shooting at an inhabited dwelling, assault with a firearm, possession of a firearm by a felon, active participation in a criminal street gang, misdemeanor battery on a peace officer, and misdemeanor resisting a peace officer. *People v. Nava*, No. D079040, 2022 WL 982809, at *1 (Cal. Ct. App. March 30, 2022). The jury found true various sentencing enhancement allegations. *Id.* The trial court found true that Nava had a prior serious felony conviction and imposed a sentence of 55 years to life in prison. *Id.* His sentence was modified on appeal: "[T]he section 186.22, subdivision (a) gang conviction in count 7 is reversed. The section 186.22, subdivision (b)(1) and 12022.53, subdivision (e)(1) enhancements are vacated as to all counts. The 25-year sentence on count 1 is vacated." *Id.* The remaining convictions were affirmed. *Id.*

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Garcia Nava alleges that the trial court violated his federal constitutional rights by (1) failing to instruct the jury on self-defense as to all counts; (2) failing to instruct the jury on voluntary manslaughter due to imperfect self-defense; and (3) admitting prejudicial evidence. He also alleges that there was (4) cumulative error. (Pet., Dkt. No. 1 at 5-7.) When liberally construed, these claims are cognizable and shall proceed.

**CONCLUSION**

1. The Clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this Order on petitioner.

2. On or before **July 1, 2025**, respondent shall file with the Court and serve on petitioner, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been

transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, on or before **July 1, 2025**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. The filing fee has been paid. (Dkt. No. 11.)

**IT IS SO ORDERED.**

**Dated:** February 26, 2025

_____
WILLIAM H. ORRICK
United States District Judge